IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSHUA C. GROVER, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF NEBRASKA, <br><br> Defendant. | 8:19CV546 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff, Joshua C. Grover, filed his Complaint (Filing 1) on December 12, 2019, and was granted leave to proceed in forma pauperis, without payment of a partial initial filing fee, on January 6, 2020 (Filing 8). The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

It appears from Plaintiff's mailing address that he is currently detained in the Saunders County jail. As best as the court can determine, Plaintiff claims that he is not receiving proper nutrition at the jail. Plaintiff may also be asserting other types of claims, but the court cannot make further sense out of Plaintiff's Complaint or his supplemental filing of January 6, 2020 (Filing 9).

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which

relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *28* U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construing Plaintiff's Complaint, this is a civil rights action brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Circuit has recognized that prisoners have a right to adequate nutrition, and the failure to provide adequate nutrition may qualify as a deliberate indifference that violates the Eighth Amendment (in the case of convicted prisoners) or the Fourteenth Amendment (in the case of pretrial detainees). *See Wishon v. Gammon,* 978 F.2d 446 (8th Cir. 1992). However, a prisoner must show "the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food." *Id. See, e.g., Obama v. Burl*, 477 Fed. App'x 409, 412 (8th Cir. 2012) (allegations

by prisoner that he was constantly hungry from small portions of food, which included some form of beans for every meal except breakfast, no sweets, and watered-down Kool-Aid, were sufficient to survive preservice dismissal); *Day v. Norris*, 219 Fed.Appx. 608, 610 (8th Cir. 2007) (reversing dismissal of prisoner complaint on initial review and finding allegations that plaintiff was served a diet that did not provide him adequate nutrition were sufficient at this stage of the litigation); *Divers v. Dep't of Corr.*, 921 F.2d 191, 193-94 (8th Cir. 1990) (per curiam) (finding not frivolous inmate's allegation that his food was insufficient in amount, cold, unappetizing, prepared from restricted menu, and delivered in unsanitary manner).

Plaintiff has named the State of Nebraska as the sole Defendant in this action, but "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In any event, the State of Nebraska is not responsible for the operation of a county jail.

Local governing bodies, such as counties, are considered "persons" for the purpose of § 1983, but are liable only for injuries arising from an official policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). An official policy involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A v. Special School Dist.*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe A*, 901 F.2d at 646. Thus, if Plaintiff were to name Saunders County as a defendant in an Amended Complaint, he would need to allege enough facts to establish the existence of an official policy or custom.

And if Plaintiff were to sue an individual in an Amended Complaint, he would need to allege facts showing that such defendant was deliberately indifferent to Plaintiff's nutritional needs or other basic requirements. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (holding that, to be deliberately indifferent, defendant must have "failed to act despite ... knowledge of a substantial risk of serious harm").

Finally, the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If Plaintiff elects to file an Amended Complaint, he should allege when he filed a grievance, to whom it was directed, what he stated in the grievance, and what response, if any, he received. He should also attach copies of any relevant documents to the Amended Complaint.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted. However, the court will allow an Amended Complaint to be filed within 30 days, in which event the court will conduct another initial review. If an Amended Complaint is not filed within 30 days, this action will be dismissed.

IT IS THEREFORE ORDERED:

1. On the court's own motion, the court will give Plaintiff 30 days in which to file an Amended Complaint that states a claim upon which relief may be granted. Failure to file an Amended Complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set the following pro se case management deadline: "February 24, 2020: check for amended complaint."

Dated this 24th day of January, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge