IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSHUA C. GROVER,

Plaintiff,

vs.

STATE OF NEBRASKA,

Defendant.

8:19CV546

MEMORANDUM
AND ORDER

Plaintiff, Joshua C. Grover ("Grover"), filed his Complaint (Filing 1) on December 12, 2019, and has been granted leave to proceed in forma pauperis. The court conducted an initial review of the Complaint and, in a Memorandum and Order entered on January 24, 2020 (Filing 5), determined that it fails to state a claim upon which relief may be granted. The court explained why the pleading is deficient and advised Grover what he would need to allege to state an actionable claim under 42 U.S.C. § 1983. On its own motion, the court gave Grover 30 days to amend.

On January 29, 2020, the court received a 10-page document from Grover which will be treated as an Amended Complaint (Filing 11).[1] The court will now conduct an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. SUMMARY OF AMENDED COMPLAINT

Grover is currently in the custody of the Saunders County Department of Corrections. It appears criminal charges were filed against him in the County Court

---

[1] The first page of the document might also be construed as a Notice of Appeal, but the court's January 24, 2020 Memorandum and Order is not a final order which is subject to appeal. By filing a notice of appeal as a prisoner, Grover would also become immediately liable for payment of the $505.00 appellate filing fee. *See* **Error! Main Document Only.**28 U.S.C. § 1915(b).

of Dodge County, Nebraska, in September 2019 (Case No. CR 19-1333).[2] On October 17, 2019, the county court judge entered an order directing that Grover be evaluated at the Saunders County jail to determine his competency to stand trial. On November 26, 2019, an order was entered placing Grover at the Lincoln Regional Center until he is restored to competency. Grover presumably is still being held in jail because of a well-publicized shortage of beds at the regional center.

Grover alleges on page 1 of the Amended Complaint that he "is entitled to rations of food and water and proper treatment."

On page 2, Grover lists five points, the first four of which read: 1. "Also I am [illegible] for [illegible]." 2. "All reasons listed." 3. "Not treating mental health condition." 4. [Illegible] and [illegible] for sexual gain." In the fifth point, Grover merely lists the names of 15 individuals.

Page 3 is an inmate interview request form dated December 11, 2019, in which Grover apparently was asking jailers what happened during some incident involving other inmates because he could not remember. (The responder had "no information regarding these incidents.")

Page 4 contains a list of twelve points, the first ten of which appear to relate to Grover's pending criminal case (i.e., "entrapment, targeting, falsifying official govt. records, falsifying official police reports, using fictious evidence, falsifying date and time stamp, creating fictitious video, creating fictitious paperwork, identifying wrong person, hiding/withholding facts pertaining to this case"). Points 11 and 12 are "malnutrition" and "offering sex in exchange for better treatment." Grover asks for his freedom and $9.978 trillion in damages.

Page 5 is a Saunders County Department of Corrections "detainee court request" form in which Plaintiff requests a hearing to "start trial, get a lawyer, get

---

[2] The court takes judicial notice of the county court file, which is **Error! Main Document Only.**available on the JUSTICE public database at www.nebraska.gov.

my transfer, and get my case moving," and also requests a release from jail to search for work.

Page 6 shows Plaintiff's name and a street address.

Pages 7 through 9 are a "petition" to federal court, filed on behalf of Plaintiff and all other Saunders County inmates, for "better treatment by all staff, better food, longer hours in day room, TV usage longer, more rights such as vapes or smokeless tobacco, more items allowed in our rooms, usage of video games and cell phones, conjugal visits, more access to media/usage of email and free [illegible] of internet usage, face to face visits, longer visits, usage of gov't authorized ID's, more freedom of movement leaving cells unlocked longer, etc., more reading materials, better law library, better regular library, treated as if we are in the free world with access to everything people have in the world as well, allowed to be individualized and wear our own clothes and acquire personal clothes, and be treated like humans and not low life dogs."

Finally, page 10 is a blank phone call request form.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

The court in its previous Memorandum and Order explained that while Grover appeared to be claiming that he was not receiving proper nutrition at the jail, he could not bring a § 1983 action against the State of the Nebraska. The court also explained that in order to state a valid claim for relief against Saunders County or an individual defendant, he would need to allege certain supporting facts and should be prepared to show that he exhausted available administrative remedies. Grover's Amended Complaint fails to correct any of the pleading defects that were noted by the court.

Even giving the Amended Complaint the most liberal interpretation possible, the court finds no plausible constitutional claim. Conditions of pretrial confinement are impermissible if they constitute punishment as determined by the due process standards of the Fifth and Fourteenth Amendments, *Ferguson v. Cape Girardeau Cty.*, 88 F.3d 647, 650 (8th Cir. 1996), but Grover's laundry list of complaints does not include any jail condition or restriction which could reasonably be classified as punishment. "Loss of freedom of choice and privacy are inherent incidents of confinement in [a detention] facility. And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Bell v. Wolfish*, 441 U.S. 520, 537 (1979). Because Grover cannot allege sufficient facts to show that his constitutional rights have been violated, this action will be dismissed.

IV. CONCLUSION

Grover's Amended Complaint fails to state a claim upon which relief may be granted. The court will not grant further leave to amend because, as demonstrated by Grover's failure to comply with the court's previous Memorandum and Order, amendment would be futile.

IT IS THEREFORE ORDERED;

1. This action is dismissed without prejudice.

2. Judgment shall be entered by separate document.

Dated this 3rd day of February, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge